Filing # 130002597 E-Filed 07/02/2021 02:16:18 PM

**IN THE COUNTY COURT OF THE 17th JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

**Case No.**

DARRELL BENSON,

    **Plaintiff,**

v.

JEFFERSON CAPITAL SYSTEMS, LLC,

    **Defendant.**

**JURY TRIAL DEMANDED**

**INJUNCTIVE RELIEF SOUGHT**

_____/

## COMPLAINT

Plaintiff Darrell Benson ("Plaintiff") sues Defendant Jefferson Capital Systems, LLC ("Defendant") for violations the Florida Consumer Collection Practices Act ("FCCPA") and the Fair Debt Collection Practices Act ("FDCPA").

### JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction over Plaintiff and Defendant (collectively, the "Parties"), because the cause of action arises within the jurisdiction of this Court and, thus, venue and jurisdiction are proper.

2.     This Court has personal jurisdiction over Defendant because Defendant is operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendant occurred within Broward County, Florida.

3.     The amount in controversy is greater than $8,000, but does not exceed $15,000, exclusive of costs, interest, and attorneys' fees, and is otherwise within this Court's jurisdiction.

4.     Venue of this action is proper in this Court because, pursuant to Fla. Stat. § 47.011, et seq., the cause of action alleged below arose in Broward County Florida.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## PARTIES

5.      Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

6.      Defendant is a Georgia limited liability company, with its principal place of business located in Saint Cloud, Minnesota.

## DEMAND FOR JURY TRIAL

7.      Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## ALLEGATIONS

8.      On a date better known by Defendant, Defendant began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

9.      The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from a transaction between the creditor of the Consumer Debt, FingerHut, and Plaintiff involving an unsecured line of credit (the "Subject Service").

10.     The Subject Service was primarily for personal, family, or household purposes.

11.     Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

12.     Defendant is a business entity engaged in the business of collecting consumer debts.

13.     Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

14.     Defendant is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

15.     Defendant's "Consumer Collection Agency" license number is CCA9901497.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

16.     Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

17.     The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

18.     Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

19.     Defendant is a "person" within the meaning of Fla. Stat. § 559.72.

20.     On a date better known by Defendant, Defendant sent a letter to Plaintiff ("Collection Letter #1") in an attempt to collect the Consumer Debt.

21.     Collection Letter #1 is a communication from Defendant to Plaintiff in connection with the collection of a debt.

22.     Collection Letter #1 represents an action to collect a debt by Defendant.

23.     On April 15, 2021, Defendant was notified in writing (the "Notice") that: **[1]** Plaintiff was represented by an attorney with respect to the Consumer Debt; **[2]** Plaintiff revoked any consent Defendant had to communicate with Plaintiff directly; **[3]** Defendant was not to contact Plaintiff directly; and **[4]** any correspondence should be sent to Plaintiff's attorney.

24.     Defendant received the Notice on April 15, 2021.

25.     Attached as Exhibit "A" is the Notice.

26.     Upon receipt of the Notice, Defendant knew that it could not communicate with Plaintiff directly in connection with the collection of the Consumer Debt.

27.     Upon receipt of the Notice, Defendant knew Plaintiff was represented by an attorney with respect to the Consumer Debt.

28.     Upon receipt of the Notice, Defendant knew it could not attempt to collect the Consumer Debt from Plaintiff directly.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

29.     By and through the Notice, Defendant had knowledge of, or can readily ascertain, the name of Plaintiff's attorney name and the address of Plaintiff's attorney.

30.     On or about June 17, 2021, despite knowing that Plaintiff was represented by an attorney with respect to the Consumer Debt and that Defendant was not permitted to contact Plaintiff directly, Defendant sent Plaintiff a second letter ("Collection Letter #2") in an attempt to collect the Consumer Debt.

31.     Attached as Exhibit "B" is a copy of Collection Letter #2.

32.     Collection Letter #2 is a communication from Defendant to Plaintiff in connection with the collection of the Consumer Debt.

33.     Collection Letter #2 represents an action to collect a debt by Defendant.

<div align="center">

**COUNT 1**
**VIOLATION OF FLA. STAT. § 559.72(18)**

</div>

34.     Plaintiff incorporates by reference paragraphs 8 through 33 of this Complaint.

35.     Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions that the FDCPA does not explicitly prohibit. Accordingly, in collecting consumer debts, pursuant to the FCCPA no person shall: "[c]*ommunicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address….*" Fla. Stat. §559.72(18) (emphasis added).

36.     As stated above, Defendant knew Plaintiff was represented by an attorney with respect to the Consumer Debt as of April 15, 2021. Despite knowing this, Defendant communicated and/or contact Plaintiff directly, by and through Collection Letter #2, in connection with the collection of the Consumer Debt.

---

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

37.     Accordingly, Defendant violated Fla. Stat. § 559.72(18) by communicating directly with Plaintiff in connection with the collection of Consumer Debt *via* Collection Letter #2.

38.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief: **[1]** Statutory and actual damages as provided under Fla. Stat. § 559.77(2); **[2]** An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA; **[3]** Costs and reasonable attorneys' fees pursuant to Fla. Stat. § 559.77(2); and **[4]** Any other relief that this Court deems appropriate under the circumstances.

<div align="center">

**COUNT 2**
**VIOLATION OF FLA. STAT. § 559.72(9)**

</div>

39.     Plaintiff incorporates by reference paragraphs 8 through 33 of this Complaint.

40.     Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions that the FDCPA does not explicitly prohibit. Accordingly, in collecting consumer debts, pursuant to the FCCPA no person shall: "[c]*laim, attempt, or threaten to enforce a debt when such Person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.*" Fla Stat. § 559.72(9) (emphasis added).

41.     As stated above, Defendant knew Plaintiff was represented by an attorney with respect to the Consumer Debt as of April 15, 2021. Defendant knew it (Defendant) could not communicate with Plaintiff directly in connection with the Consumer Debt. Despite knowing this, Defendant communicated and/or contact Plaintiff directly, by and through Collection Letter #2, in connection with the collection of the Consumer Debt. In so doing, Defendant was asserting the existence of a legal right (*i.e.*, the right to communicate with and/or attempt to collect the

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Consumer Debt from Plaintiff directly) that did not exist, and which Defendant *knew* did not exist. As such, by and through Collection Letter #2, Defendant violated § 559.72(9) of the FCCPA.

42. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief: **[1]** Statutory and actual damages as provided under Fla. Stat. § 559.77(2); **[2]** An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA; **[3]** Costs and reasonable attorneys' fees pursuant to Fla. Stat. § 559.77(2); and **[4]** Any other relief that this Court deems appropriate under the circumstances.

**COUNT 3**
**VIOLATION OF 15 U.S.C. § 1692c(a)(2)**

43. Plaintiff incorporates by reference paragraphs 8 through 33 of this Complaint.

44. Section 1692c(a) of the FDCPA mandates, *inter alia*, that:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt –
>
> > (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer….

15 U.S.C. § 1692c(a)(2).

45. As stated above, Defendant knew Plaintiff was represented by an attorney with respect to the Consumer Debt as of DATE. Despite knowing this, Defendant communicated and/or contact Plaintiff directly, by and through Collection Letter #2 in connection with the collection of the Consumer Debt.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

46.     Thus, Defendant violated § 1692c(a)(2) of the FDCPA by communicating directly with Plaintiff in connection with the collection of Consumer Debt *via* Collection Letter #2.

47.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief: **[1]** statutory and actual damages pursuant to 15 U.S.C. § 1692k; **[2]** costs and attorneys' fees pursuant to 15 U.S.C. § 1692k; and **[3]** such other or further relief as the Court deems proper.

DATED: July 2, 2021

Respectfully Submitted,

<u>/s/ Thomas J. Patti</u>
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:    tom@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:      954-907-1136
Fax:         855-529-9540

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

EXHIBIT "A"

April 15, 2021

TO:       Jefferson Capital Systems, LLC
              16 McLeland Road
              Saint Cloud, MN 56303
              Email: jcapdmc@jcap.com

Re:       JCS Account No. 3307517666

To Whom It May Concern:

Our office represents Darrell Benson with respect to the above-referenced account (the "Account"). Darrell Benson disputes validity of the debt your organization claims to be owed in connection with the Account, as well as demands validation of said debt. Do not contact or communicate with our client Darrell Benson directly. Direct and/or send all communications and/or correspondence regarding the Account to our office, located at 110 S.E. 6th Street, Suite 1744, Fort Lauderdale, Florida 33301.

Sincerely,

Law Offices of Jibrael S. Hindi, PLLC

Page: 1 of 1

EXHIBIT "B"

Return Mail Only
PO BOX 1120
CHARLOTTE, NC 28201-1120

June 17, 2021

 

ⁱ||ⁱ|ₚ||ₚₗₑ||ₗₗₗ||ₐ||ₗ||ₗₗₗ||ₗ|ₐ||ₗₚₗₗₑ|ⁱₗᵢₗₗ||ₚₗᵢₗⁱ
DARRELL BENSON
2450 NE 15TH AVE
APT 104
WILTON MANORS FL 33305-1300

35

## Payment Offers Available

Current Creditor: JEFFERSON CAPITAL SYSTEMS LLC
Account #: XXXXXXXXXXXX5455
JCS Reference #: 3307517666
Debt Description: FINGERHUT DIRECT MRKTING
Amount of the Debt: $709.40

Dear Darrell Benson:

Jefferson Capital understands that sometimes life gets hard, and when that happens, people have to make difficult financial choices. If you are in a similar situation, we would like to provide you with offers that may help.

Below are some flexible offers that will allow you to resolve your account. You can decide which plan works for you right now.

|  | Option #1 | Option #2 | Option #3 |
|---|---|---|---|
| Monthly Payment Amount | $354.70 | $130.05 | $59.11 |
| Number of Payment(s) | 1 | 3 | 12 |
| Approximate Percentage Saved | 50% | 45% | 0% |

These offers expire on July 21, 2021. We are not obligated to renew these offers, however, if you would like additional time to respond to these options, please contact us.

This information is not legal advice. The law limits how long you can be sued on a debt. Because of the age of your debt, we (Jefferson Capital Systems, LLC) cannot sue you for it and we will not report it to any credit reporting agency. In many circumstances, you can renew the debt and start the time period for the filing of a lawsuit against you if you take specific actions such as making certain payment on the debt or making a written promise to pay. You should determine the effect of any actions you take with respect to this debt.

If none of these options work for you, there is still room to customize as needed. Our staff is trained to assist you with a program that suits your needs.

How to contact us:
  o Visit our web site at www.MyJCAP.com
  o By Phone: 844-362-7361 (English and Espanol)
  o Hours of Operation: Mon-Thurs 8 AM - 6 PM, Fri 8 AM - 4 PM Central Time
  o Send correspondence to: 16 McLeland Road, Saint Cloud, MN 56303
  o Mail payments to:     Jefferson Capital Systems, LLC
                          Dept #6419
                          PO Box 11407
                          Birmingham, AL 35246-6419

Sincerely,
Jefferson Capital Systems, LLC

THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT. ANY
INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
SEE REVERSE SIDE FOR ADDITIONAL INFORMATION

JCS Letter Code - HLP02   989765   00013888  JeffersonCapital.WFD   Page 1 of 2